```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

BLAKE SANDLAIN,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:20-00273

WARDEN, FCI MCDOWELL

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Proposed Findings and Recommendation ("PF&R") on May 7, 2020, in which he recommended that the court dismiss plaintiff's petition for writ of habeas corpus, deny without prejudice plaintiff's motion for temporary restraining order, and remove this case from the court's active docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a *de novo* review by this court.  Snyder v.

Ridenour, 889 F.2d 1363 (4th Cir. 1989).  On May 15, 2020, plaintiff submitted objections to the PF&R.  See ECF No. 7.  On July 27, 2020, he filed a "Supplement Objection/And Requested Expedited Consideration for Extraordinary Reason."  ECF No. 8.  The court has considered both filings.

Sandlain objects to the PF&R's finding that challenges to prison conditions of confinement are not cognizable as Section 2241 habeas claims, and should instead be filed as a Bivens or Section 1983 action.

The issue of whether a prisoner may challenge the conditions of confinement in a habeas proceeding has not been definitively resolved by the Supreme Court.  Compare Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (recognizing that habeas corpus might possibly be available to challenge prison conditions), and Wilwording v. Swenson, 404 U.S. 249, 249-51 (1971) (recognizing challenges to prison "living conditions and disciplinary measures" are "cognizable in federal habeas corpus"), with Muhammad v. Close, 540 U.S. 749, 750 (2004) (explaining that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."), and Bell

v. Wolfish, 441 U.S. 520, 527 n.6 (1979) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). Indeed, just last week, the United States Court of Appeals for the Fourth Circuit noted that "this is an unsettled question of law among our sister circuits" and acknowledged that it has "yet to address this issue in a published opinion." Farabee v. Clarke, No. 18-6648, No. 18-7225, No. 18-7228, 2020 WL 4197527, *12 (4th Cir. July 22, 2020).

In answering this open question, the Fourth Circuit has consistently, albeit never directly, concluded that most conditions of confinement claims are not cognizable in habeas proceedings. See, e.g., Rodriguez v. Ratledge, 715 F. App'x 261, 265–66 (4th Cir. 2017) ("[C]ourts have generally held that a § 1983 suit or a Bivens action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not."); Braddy v. Wilson, 580 Fed. App'x 172 (4th Cir. 2014) (affirming dismissal of habeas petition alleging a condition of confinement claim as improperly brought under Section 2241); Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983) ("The principle to be deduced from Preiser . . . appears to be that when the

3

claim relat[es] to [conditions of confinement] . . . the suit [must be] a § 1983 action.").

Moreover, courts within this district have consistently held that challenges to conditions of confinement are not cognizable in habeas proceedings. See Hargrove v. Masters, Civil Action No. 1:15-06930, 2017 WL 712758, at *2 (S.D.W. Va. Feb. 23, 2017) ("challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action"); see also Brown v. Zeigler, Civil Action No. 5:12-cv-01178, 2013 WL 4500473, at *6-7 (S.D.W. Va. Aug. 20, 2013); Daniel v. Craig, Civil Action Nos. 5:07-cv-00465, 5:07-cv-00577, 2008 WL 644883, at *2 (S.D.W. Va. Mar. 7, 2008); Berry v. McBride, Civil Action No. 5:05-cv-01134, 2006 WL 2861077, at *1 (S.D.W. Va. Oct. 5, 2006).

Until a higher court tells it otherwise, this court concludes that challenges to conditions of confinement are not cognizable in habeas proceedings under Section 2241. Therefore, Sandlain's objection is **OVERRULED**.

In the alternative, Sandlain asks the court to recharacterize his petition as a mandamus petition in the event it finds he is unable to proceed under § 2241.

> Federal courts' power to issue writs of mandamus springs from two statutory sources. First, the All

4

> Writs Act, 28 U.S.C. § 1651, authorizes federal courts of appeals to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." . . .  Second, 28 U.S.C. § 1361 accords to federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Banks v. Hornak, 698 F. App'x 731, 736-37 (4th Cir. 2017). "Federal Rule of Civil Procedure 81(b) abolished the common law writ of mandamus, precluding federal district courts from issuing writs of mandamus under Section 1651." Id. at 737 n.6; see also Goode v. Angelone, No. 2:03CV891, 2004 WL 3258911, at *1 (E.D. Va. Jan. 5, 2004) (acknowledging that Rule 81(b) prohibited court from granting writ of mandamus but construing "action as a civil rights action pursuant to 42 U.S.C. § 1983").

As for Section 1361, writs of mandamus issued therefrom "are 'intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" Id. at 737 (quoting Heckler v. Ringer, 466 U.S. 602, 616-17 (1984)). "To establish entitlement to mandamus relief, '[t]he law must not only authorize the demanded action, but require it; the duty must be clear and indisputable.'" White v. U.S. Dep't of Justice Fed. Bureau of Prisons FCC Petersburg, Civil Action No. 3:17CV441-HEH,

2018 WL 6099735, at *2 (E.D. Va. Nov. 21, 2018) (quoting <u>Cent. S.C. Chapter, Soc. of Prof'l Journalists, Sigma Delta Chi v. U.S. Dist. Court for Dist. of S.C.</u>, 551 F.2d 559, 562 (4th Cir. 1977)). "Furthermore, a writ of mandamus 'is intended to provide a remedy for a [petitioner] only if he [or she] has exhausted all other avenues of relief.'" <u>Id.</u> at *3 (quoting <u>Heckler</u>, 466 U.S. at 616).

In this case, Sandlain is not entitled to mandamus relief because he cannot show that he has exhausted all other avenues of relief. In conjunction with issuance of the PF&R, Magistrate Judge Tinsley directed the Clerk to open a new civil rights action using plaintiff's § 2241 petition as the initiating complaint and to docket the motion for a temporary restraining order in the new civil action. <u>See</u> ECF No. 5 at p.3 n.1. That <u>Bivens</u> action remains pending. <u>See</u> Civil Action No. 1:20-00328. Sandlain's "<u>preference</u> to pursue this action as a petition for a writ of mandamus does not establish that there are no other adequate remedies available to him." <u>White</u>, 2018 WL 6099735, at *3 (emphasis in original). Therefore, because the relief sought by Sandlain could be pursued by other means, such as through the pending <u>Bivens</u> action, he is not entitled to mandamus relief. <u>See id.</u> at *4 (dismissing petition for writ of mandamus alleging

6

inadequate medical care by BOP where the court provided inmate with option to file a complaint and pursue the matter as a Bivens action but inmate declined to do so); see also Fisher v. Holland, NO. 5:18-HC-2099-FL, 2018 WL 10704534, at *1 (E.D.N.C. Nov. 28, 2018) (dismissing petition for writ of mandamus where detainee could pursue requested relief through BOP's administrative remedy procedure and filing a Bivens action); Cunningham v. Kane, CIVIL ACTION NO. 9:16-3647-RMG-BM, 2018 WL 1054823, at *5 (D.S.C. Jan. 31, 2018) (denying mandamus relief where petitioner could have filed a Bivens action); Nichols v. U.S., No. 7:10CV00033, 2010 WL 391827, at *1 (W.D. Va. Feb. 3, 2010) ("The record reveals that petitioner still possesses several remedies which he has not fully pursued. . . . Thus, this petition must be dismissed as mandamus is not Nichols' only remedy.").

Based upon the foregoing, the court **OVERRULES** plaintiff's objections and adopts the Findings and Recommendation of Magistrate Judge Tinsley as follows:

1. Plaintiff's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED**;
2. Plaintiff's motion for temporary restraining order is **DENIED** without prejudice; and

7

3.  The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 31st day of July, 2020.

ENTER:  *David A. Faber*
David A. Faber
Senior United States District Judge